AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| Dmarco Aaron Hal ) | Case No. 4:20-mj-71489-MAG |
| ) | |
| *Defendant(s)* ) | |

**FILED**
Oct 21 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  July 22, 2020  in the county of  Alameda  in the  Northern  District of  California , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(g)(1) | Felon in Possession of Ammunition |
| | Maximum Penalties: 10 years prison, $250,000 fine, 3 years supervised release, $100 special assessment, and forfeiture. |

This criminal complaint is based on these facts:

See attached affidavit of ATF TFO Enrique Lara.

☑ Continued on the attached sheet.

Approved as to form  /s/ Noah Stern
AUSA  Noah Stern

/s/ Enrique Lara
*Complainant's signature*

Enrique Lara, ATF TFO
*Printed name and title*

Sworn to before me by telephone.

Date: 10/21/2020

*[signature: Kandis Westmore]*
*Judge's signature*

City and state: Oakland, California

Hon. Kandis A. Westmore
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Enrique Lara, a Task Force Officer with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives, being duly sworn, state:

### I.      INTRODUCTION

1.      I submit this affidavit in support of an application under Rule 4 of the Federal Rules of Criminal Procedure for a criminal complaint and arrest warrant authorizing the arrest of Dmarco Aaron HAL ("HAL") for being a felon in possession of ammunition, in violation of Title 18, United States Code, Section 922(g)(1), on or about July 22, 2020.

### II.      SOURCES OF INFORMATION

2.      This affidavit is submitted for the limited purpose of securing a criminal complaint and arrest warrant. I have not included every fact known to me concerning this investigation. Instead, I have set forth only the facts necessary to establish probable cause that violations of the federal law identified above have occurred.

3.      I have based my statements in this affidavit on my training and experience, personal knowledge of the facts and circumstances obtained through my participation in this investigation, information provided by other agents and law enforcement officers, including officers with the Oakland Police Department ("OPD") and California Highway Patrol ("CHP"), information provided by reports prepared by other agents and law enforcement officers, and information provided by records and databases, including regarding HAL's criminal history. Where I refer to conversations and events, I often refer to them in substance and in relevant part rather than in their entirety or verbatim, unless otherwise noted. This affidavit also reflects my current understanding of facts relating to this investigation, but my understanding may change in the future as the investigation proceeds.

### III.      AFFIANT BACKGROUND

4.      I am a Task Force Officer ("TFO") with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have so been sworn since March 2017. I am presently assigned to the ATF Oakland Field Office in Oakland, California. I am a law

enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7). I was trained as a police officer at the Oakland Police Department (OPD) Academy in Oakland, California, and I am currently employed by the Oakland Police Department.

5. As an ATF TFO, I have conducted and participated in both state and federal investigations involving the trafficking of firearms and distribution of controlled substances. I have investigated and assisted in the prosecution of criminal street gangs engaged in illegal narcotics and firearms trafficking. During these investigations, I have participated in various types of investigative techniques, including electronic surveillance; undercover agents and informants; and controlled purchases of firearms and narcotics from suspects. I have participated in physical surveillance operations and have participated in the execution of state and federal arrest warrants and search warrants.

6. In addition to utilizing the aforementioned investigative techniques, I have been required during these investigations to analyze information resulting from traditional record searches, pen registers and trap and trace devices, financial records, utility records, and telephone toll and subscriber records. I have interviewed numerous members and former members of gangs, as well as conferred with other law enforcement officers about: the slang, codes, symbols, graffiti, and dress of gang members; gang members' use of telephones, e-mail, and other methods of communication to conduct their criminal activities; gang members' use of false and fictitious identities to thwart law enforcement investigation of their activities.

7. Further, I am familiar with social media as a result of my work as an investigator. Based on my training, experience and common sense, I know that individuals will sometimes post images and video footage of themselves engaged in criminal conduct in an effort to impress their friends, gang associates, potential romantic partners, and/or drug or firearms customers. I know that users of social media accounts can sometimes be determined based on the nature of

the images posted and the comments or tags made by the user and/or his/her followers, as well as other methods.

### IV. APPLICABLE STATUTES

8. Title 18, United States Code, Section 922(g)(1) provides: "It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

9. The elements of the Target Offense are as follows: (1) the defendant knowingly possessed a firearm or ammunition; (2) that firearm or ammunition had been shipped or transported from one state to another, or between a foreign nation and the United States; (3) at the time the defendant possessed the firearm or ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and (4) at the time the defendant possessed the firearm or ammunition, the defendant knew that he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

### V. FACTS ESTABLISHING PROBABLE CAUSE

**A.  HAL Has Been Convicted of Multiple Felonies**

1. I reviewed a criminal history report for HAL. According to the report, he has been convicted of multiple felonies.

2. According to the report, in 2017, HAL was convicted of Felony Second Degree Burglary in violation of California Penal Code section 459-460(b) and other offenses. The report states that HAL was sentenced to concurrent three year prison terms for these offenses. Based on the length of imposed sentence, I believe there is probable cause to conclude HAL knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

LARA AFF. IN SUPPORT OF CRIMINAL COMPL.
[**UNDER SEAL**]
3

### B. Subject 1 Posts a Video of Firearms to his Instagram Account

3. On July 22, 2020, at around 5:10 p.m., an OPD officer was monitoring social media accounts of known gang members. One of these accounts was an Instagram account the officer knew to belong to Subject 1, a known ENT/65th Avenue Village gang member. The officer knew the account belonged to Subject 1 based on the nature of the posts to the account, which featured Subject 1. The officer watched a "story"[1] posted to the account that was a "Boomerang video"[2] depicting two assault-pistol-style weapons and two semi-automatic pistols with extended magazines. A screen capture from the video is copied below:



---

[1] Instagram's "story" feature allows the user to create and post short sequences or individual photos or videos that expire after a day (as opposed to be saved by default in the user's feed).

[2] Based on my familiarity with Instagram and/or social media accounts, I understand that a Boomerang video is a short video clip, which is edited to make the video play forward and backward, thereby creating a loop.

LARA AFF. IN SUPPORT OF CRIMINAL COMPL.
[UNDER SEAL]

4.      When the officer viewed this post, he knew that Subject 1 was on active California Parole and had a GPS ankle monitor as a condition of his parole.  OPD contacted Subject 1's parole officer, who relayed that Subject 1's GPS showed that he was located at a residence on Fruitvale Avenue in Oakland (the "Fruitvale Residence").  OPD officers monitoring Subject 1's Instagram account noticed that the Boomerang video was deleted around fifteen minutes after it was posted.

5.      OPD officers responded to the Fruitvale Residence to conduct surveillance.

**C.     HAL Leaves Residence with Firearm of Ammunition**

6.      After setting up surveillance on July 22, 2020, an OPD officer saw a Chevy Malibu (hereafter, "the Malibu") arrive at the Fruitvale Residence.  No one exited the Malibu, which waited outside the Fruitvale Residence.  Next, the officer saw a man wearing a blue, red, and white puff coat and blue jeans, later identified as HAL, leave the Fruitvale Residence and place a black duffle bag in the trunk of the Malibu.  As HAL walked to the Malibu, the officer saw the barrel of an assault pistol protruding down the right front of HAL's pants.  After HAL placed the duffle bag in the trunk, he adjusted his jacket and pants and the officer could see a magazine protruding out of the assault pistol riding along his belt line.  The officer saw the butt of the assault pistol make an imprint on the right side of HAL's torso area.  HAL then got into the front passenger seat of the Malibu.

7.      OPD units attempted to follow the Malibu and OPD also requested assistance from CHP to stop the vehicle.  A CHP officer located the Malibu on Interstate 580 and observed it driving approximately ten miles per hour above the speed limit.  The CHP officer confirmed the license plate matched the license plate that was provided by OPD.  CHP stopped the Malibu and detained HAL and the driver of the vehicle.  There were also two young children in car seats in the back seat of the Malibu.

8.      Officers searched the Malibu and found an assault pistol on the front-passenger floorboard, where HAL's feet would have been when he occupied the front passenger seat.  The

assault pistol was loaded with a round in the chamber and 29 rounds in the attached 30-round magazine, namely three (3) Norma .223 Remington caliber cartridges, fifteen (15) Lake City 5.56 NATO caliber cartridges, eleven (11) Tula .223 Remington caliber cartridges, and one (1) PMC .223 caliber cartridge. I compared photographs of the assault pistol recovered from HAL to the Instagram video posted by Subject 1, and the assault pistol appears to match one of the assault pistols depicted in the video. A photograph of the assault pistol is copied below:



9. An ATF nexus expert reviewed photographs of the firearm and ammunition recovered from the Malibu. He concluded that the firearm was likely assembled from a kit. He also concluded that the three (3) Norma .223 Remington caliber cartridges, fifteen (15) Lake City 5.56 NATO caliber cartridges, eleven (11) Tula .223 Remington caliber cartridges, and one (1) PMC .223 caliber cartridge were all manufactured outside the State of California.

## V.   CONCLUSION

10. Based on the information set forth in the paragraphs above, I submit that there is probable cause that, on or about July 22, 2020, in the Northern District of California, the defendant, Dmarco Aaron HAL, knowing he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, knowingly possessed ammunition,

namely, fifteen (15) Lake City 5.56 NATO caliber cartridges, all in and affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

                                            /s/ Enrique Lara
                                            ENRIQUE LARA
                                            Task Force Officer
                                            Bureau of Alcohol, Tobacco, Firearms, and Explosives

Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim.P. 4.1 and 4(d) this  21st  day of October, 2020.

_____
HONORABLE KANDIS A. WESTMORE
United States Magistrate Judge

LARA AFF. IN SUPPORT OF CRIMINAL COMPL.
**[UNDER SEAL]**