DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

NOAH STERN (CABN 297476)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3713
    FAX: (510) 637-3724
    Noah.Stern@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 4:20-mj-71489 MAG |
| Plaintiff, | MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION FOR DETENTION |
| v. | Date: November 20, 2020 |
| DMARCO AARON HAL, | Time: 10:30 a.m. |
| | Court: Honorable Donna M. Ryu |
| Defendant. | |

On July 22, 2020, Dmarco Hal, a member of a violent street gang, was in a house in Oakland with fellow gang members, one of whom posted an Instagram video showing two AR-15 assault pistols and two handguns. Hal left the house, carrying one of the AR-15 assault pistols partially concealed on his person and got into the front passenger seat of a Chevrolet Malibu that had two young children in car-seats in the back seat. The car was ultimately stopped by officers and the AR-15 assault pistol was found on the floorboard of the front passenger seat, where Hal had been sitting. The AR-15 pistol was fully loaded with a round in the chamber and 29-rounds of ammunition in the attached 30-round magazine. At the time Hal carried the assault pistol in the car with young children, he was on parole

after being convicted of four criminal offenses (three felonies) in late 2017 and sentenced to three years prison. A federal criminal complaint charging Hal with violating 18 U.S.C. § 922(g)(1) (Felon in Possession of Ammunition) was authorized on October 21, 2020. Afterwards the state dismissed charges pending for the same incident, on which he had been detained, and Hal was taken into federal custody.

Although Hal is only twenty-two years old, he has already incurred four adult felony convictions and two adult misdemeanor convictions. Hal's history shows that he is a violent gang member who has repeatedly carried firearms and put the community in significant danger. Despite an innocent bystander almost being killed in connection with Hal's flight from police in 2017, Hal has continued to associate with the same gang members from his criminal past, engage in the same criminal conduct, and has armed himself with deadly weapons designed to inflict maximum destruction. Because Hal's history and characteristics and the nature of the offense show by clear and convincing evidence that he would be a danger to the community if released, he should be detained consistent with pretrial services recommendation.

## BACKGROUND

### I. Offense Conduct

On July 22, 2020, Hal was with fellow gang members at a house in Oakland when one the fellow gang members posted a short video on Instagram depicting two AR-15 assault pistols and two handguns:



Shortly afterwards an Oakland Police Department ("OPD") officer observed Hal leaving the house carrying one of the AR-15 assault pistols partially concealed on his person. Hal got into the front passenger seat of a Chevrolet Malibu. Officers subsequently conducted a traffic stop on the Malibu. The AR-15 assault pistol was found on the floorboard of the front-passenger seat, where Hal's feet had been before he was removed from the car. Two young children in car seats were in the back seat of the car. The AR-15 assault pistol was fully loaded, with one round in the chamber and 29 rounds in the 30-round magazine that was inserted into the firearm. Photos of the AR-15 assault pistol and the ammunition are copied below:





Hal was arrested on state charges and for violating the conditions of his parole. He was detained on the state charges until they were dropped in lieu of the federal charges.

## II. CRIMINAL HISTORY

Despite the fact that Hal is only twenty-two years old, he has a significant criminal history. Prior to turning eighteen, Hal incurred two juvenile wardship dispositions. First, in 2012, for Lewd or Lascivious Acts with a Child Under 14, in violation of California Penal Code § 288(a), Hal was sentenced to 96 months probation. Second, in 2015, for carrying a loaded firearm in a public place, in violation of California Penal Code § 25850(a), Hal was sentenced to 36 months probation. Of note, Hal was initially arrested for willful discharge of a firearm in a negligent manner in connection with the 2015 conviction, but that charge was dismissed as part of the resolution of the case.

In 2016 through 2017, Hal committed numerous crimes throughout the state of California that led to three felony and two misdemeanor convictions. In August 2016, Hal was arrested in Oakland for carrying a concealed weapon in a vehicle, in violation of California Penal Code § 25400(a)(1), in addition to several other offenses. Prior to his arrest, Hal fled from a vehicle wearing a distinctive backpack and led police on a foot chase through the back yards of homes. Hal abandoned the backpack

during the chase, but he was eventually apprehended and the backpack was found and searched.  The backpack contained a firearm, ammunition, and items containing Hal's name.  According to the pretrial services report, Hal received a misdemeanor conviction for carrying a concealed firearm in a vehcile.

On December 4, 2016, Hal, along with fellow gang members, drove a car through the front of the Apple Store on University Avenue in Palo Alto, California at around 4:30 a.m.  Hal and the others swarmed the store and made off with over $69,000 worth of merchandise and did approximately $900,000 worth of damage.  Surveillance footage showed Hal gather with other gang members in Oakland prior to the burglary and flash gang signs.

In February 2017, Hal was arrested in Newport Beach, California after he was seen on surveillance footage with a coconspirator smashing the windows of two vehicles and stealing valuable items out of them.

In March 2017, Hal went to the Stanford Shopping Center in Palo Alto, California with others to steal from various stores.  Hal and his companions fled the shopping center in a vehicle and was pursued by officers.  Hal appears to have been in the front passenger seat during the pursuit based on witness statements.  During the pursuit, the getaway vehicle hit a woman who was riding a bicycle.  After hitting the bicycle, the car paused for a moment before it drove over the victim.  The car was abandoned nearby and Hal and his co-conspirators were subsequently apprehended.  Hal would not say who was driving the vehicle but expressed remorse and wrote a letter of apology to the victim.  The victim suffered critical injuries, needed the assistance of a breathing machine, and was not discharged from the hospital until a month and a half later.  One of the occupants of the car that fled the scene was present at the house involved in the instant offense.

In November 2017, Hal was convicted of felony Second Degree Burglary, with an enhancement for taking or destroying property exceeding $200,000 in value, and Participating in a Criminal Street Gang, in connection with the burglary of the Apple Store.  Hal was also convicted of felony Resisting, Delaying, or Obstructing an officer with a gang enhancement in connection with the incident that left the bicyclist critically injured.  Hal received concurrent three-year prison sentences on these offenses.  The pretrial services report also shows that in, in December 2017, Hal was convicted of misdemeanor

battery. The government has been unable to obtain additional details regarding this conviction at this time. According to the pretrial services report, the Newport Beach burglary case was never resolved.

Hal was released from custody in fall 2019. Shortly afterwards, in January 2020, Hal committed an auto burglary in Berkeley, California with fellow gang members and was incarcerated for a violation of his parole. One of the gang members present was also present at the house in connection with the instant offense. When Hal and his co-conspirators were arrested, valuable items stolen during another auto burglary in Fairfield, California earlier in January were found in the car they occupied. According to the pretrial services report, Hal was convicted of felony Second Degree Burglary in February 2020 and was sentenced to three years probation and 1 day jail in June 2020.

## ARGUMENT

### I. Legal Standard

The Bail Reform Act of 1984 permits pretrial detention of a defendant without bail where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Detention is appropriate where a defendant is either a danger to the community or a flight risk; it is not necessary to prove both. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(B). A finding that a defendant is a flight risk need only be supported by a preponderance of the evidence. *Motamedi*, 767 F.2d at 1406. "[T]he Bail Reform Act mandates an [1] individualized evaluation [2] guided by the factors articulated in § 3142(g)." *See United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019). Categorical grants or denials of bail, not tethered to an individualized determination, are impermissible. *Id*. Consideration of factors outside the articulated factors set forth in Section 3142 is also disfavored. *Id*.

The Court must consider four factors in determining whether the pretrial detention standard is met: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as

whether the crime was committed while the defendant was on probation or parole; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release.  18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

## II.   The Section 3142(g) Factors Weigh In Favor of Detention

All of the relevant Section 3142(g) factors weigh in favor of detention.

*First*, the nature and circumstances of the offense supports detention.  Possession of a semi-automatic firearm capable of firing 30 rounds in short succession is extremely dangerous.  The magnitude of that danger (and Hal's corresponding complete disregard for the safety of the community) is significantly amplified by the fact that Hal possessed this firearm in a car with two small children in the back seat.  It is further amplified by the fact that Hal possessed the firearm with fellow members of his violent street gang who he has engaged in dangerous criminal conduct with before.  Congress passed Section 922(g) to "disarm groups whose members Congress believes are unable or unwilling to conduct themselves in conformity with the responsibilities of citizenship." *United States v. Torres*, 911 F.3d 1253, 1264 (9th Cir. 2019) (internal quotation marks omitted).  That statutory goal bears directly on the question of detention here because (as demonstrated by his criminal history, which includes multiple instances of unlawful weapon possession) Hal chooses to live by his own rules, not in "conformity with the responsibilities of citizenship."

*Second*, the weight of the evidence favors detention because the evidence of Hal's guilt is overwhelming.  Hal was seen by an officer carrying the firearm to a car and then, after the car he was riding in was stopped, the firearm and ammunition were found right where he had been sitting.  *United States v. Hir*, 517 F.3d 1081, 1090 (9th Cir. 2008) (finding that "the weight of the evidence clearly and convincingly establishe[d]" a likelihood that the defendant would pose a danger if released).

*Third*, Hal's history and characteristics, including his criminal history, considered under §§ 3142(g)(3) and (g)(4), strongly favor detention.  Since turning eighteen in 2016, his time out of custody has been marked by consistent dangerous criminal conduct:  In August 2016, fleeing from the police with a firearm.  In December 2016, participating in a burglary of an Apple store in which a car was crashed into the store, causing almost $1,000,000 in loss.  In February 2017, burglarizing two cars in Newport Beach, California.  In March 2017, stealing from a shopping center and engaging in flight from

the police that almost left an innocent bystander dead.  Then a period of calm coinciding with a three year prison sentence.  Then, in January 2020, two auto burglaries in separate cities.  And finally, in July 2020, the possession of the loaded AR-15 assault pistol in a car with two young children, leading to the instant case.  Hal may argue that commercial and auto burglaries do not show that he is dangerous; but the danger caused by that conduct—especially when committed as part of a violent street gang—is eminently clear based on the fact that an innocent person almost died as a result of one of the commercial burglaries he participated in.

### III. Hal is a Danger to the Community

As described above, Hal's history and characteristics, and his conduct in the instant case, demonstrate the significant danger he poses to the community.  To the extent Hal argues that the COVID-19 pandemic minimizes the risk he poses, the COVID-19 pandemic does not meaningfully shift the balance of the Section 3142(g) factors in his favor.[1]

Nothing about the COVID-19 pandemic reduces Hal's danger to others.  The danger posed to the community by simple possession of firearms has been well-established.  *See, e.g.*, *United States v. Daychild*, 357 F.3d 1081, 1100 (9th Cir. 2004) (approving detention on danger prong due to defendant's possession of firearms); *Torres*, 911 F.3d at 1264.  Here, that danger was enhanced by the high-capacity magazine and the fact that Hal possessed the firearm with other violent gang members and brought it into a car with two young children.  Indeed, two other individuals that were present at the house Hal took the firearm from were part of the same street gang and participated in Hal's past criminal conduct.  One of the gang members was in the getaway car with Hal that ran over and almost killed an innocent bystander as they fled from Stanford Shopping Center after trying to steal from stores.  Another gang

---

[1] In a written order, United States Magistrate Judge Susan van Keulen rejected a motion for release premised on the emergence of COVID-19, concluding that the existence and spread of COVID-19 did nothing to undermine the Court's previous findings regarding risk of flight and danger to the community. *United States v. Trujillo*, No. 20-cr-00028-EJD-1 (SVK), Dkt. 15 (N.D. Cal.); *see also*, *e.g.*, *United States v. Sanchez*, No. 19-CR-00576-VC (JSC), Dkt. 23 (N.D. Cal.) (oral order denying bail motion premised on COVID-19 concerns); *United States v. Traore*, No. 20-CR-029-VC (JSC), Dkt. 28 (N.D. Cal.) (same); *United States v. Campos*, No. 19-CR-0280-RS (JSC), Dkt. 95 (N.D. Cal.) (same); *but see In the Matter of the Extradition of Alejandro Toledo Manrique*, No. 19-mj-71055-MAG-1 (TSH), Dkt. 115 (granting motion for release premised on COVID-19 concern in extradition proceeding, with different standards for release than under the Bail Reform Act, where defendant was more than 70 years old).

member at the house was arrested with Hal in Berkeley after the pair burglarized an automobile.

Hal's criminal history shows that this was far from a one-off incident but part of a repeated pattern of dangerous criminal behavior that puts the community at significant risk. And despite Hal's apparent remorse with respect to the incident that almost left a bystander dead, Hal resumed his dangerous conduct almost immediately after he was released from his three-year prison sentence. Indeed, he enhanced the danger by arming himself with an AR-15 assault pistol that could have shot 30 rounds in quick succession. There is no indication at all that Hal's proposed surety and custodian could provide the moral suasion that would safeguard the community. The proposed arrangement is the same one that has utterly failed throughout the short time that he has been out of custody since fall 2019. Hal had the opportunity to start a better life after serving his sentence of imprisonment for a spree of crimes in 2016 and 2017. Within months, he made the choice not to take advantage of that opportunity, decided to associate with the same violent gang members, and in so doing put the community around him at significant risk of death or serious injury. The community should not be forced to again face the danger Hal brings to it pending trial in this case.

## CONCLUSION

For the foregoing reasons, and the reasons stated in the pretrial services bail report, the Court should grant the United States' motion to detain Hal pending trial.

DATED: November 19, 2020					Respectfully submitted,

								DAVID L. ANDERSON
								United States Attorney


								_____/s/_____
								NOAH STERN
								Assistant United States Attorney